■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO COLON, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J., at trial and sentence), rendered on November 17, 1989, after a jury trial, convicting defendant of two counts of assault in the first degree and assault in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of 3 to 9 years and 1 to 6 years, respectively, unanimously reversed, on the law and the facts, and the matter remanded for a new trial.

Defendant is charged with a serious razor assault on the complainant which resulted in hospitalization and permanent scarring. At the trial the defense presented a psychiatrist who testified that he reviewed the hospital records of the defendant which indicated the defendant had been repeatedly hospitalized since about 1965 for delusions and a diagnosed schizophrenic condition; that he also reviewed defendant's videotaped confession and together with personal interviews concluded that the defendant was a chronic paranoid schizophrenic from the time he was in his teens. The People also presented an expert who concluded that there was no evidence of mental illness at the time of his evaluation. The defense produced a witness who testified that the defendant had been seen a week before the incident and appeared to hospital personnel at that time to be slipping back into a severe stage of mental illness.

At the close of the evidence defendant's counsel requested a charge on insanity.

The court instructed the jury as to the elements of defendant's defense, however, it did not charge as to what would happen in the event the defendant was found not guilty by reason of mental disease or incapacity. There was no objection to the charge by the defendant's counsel.

CPL 300.10 (3), states: "Where a defendant has raised the affirmative defense of lack of criminal responsibility by reason of mental disease or defect, as defined in section 40.15 of the penal law, the court *must,* without elaboration, instruct the jury as follows: 'A jury during its deliberations must never consider or speculate concerning matters relating to the conse-

quences of its verdict. However, because of the lack of common knowledge regarding the consequences of a verdict of not responsible by reason of mental disease or defect, I charge you that if this verdict is rendered by you there will be hearings as to the defendant's present mental condition and, where appropriate, involuntary commitment proceedings.' " (Emphasis added.)

The language of the statute is mandatory, and failure to give the statutory charge is reversible error. The medical and psychiatric testimony in this record require that it be charged here. The fact that there was no exception to the charge is immaterial since the request was made initially and the language of the statute is uncompromising.

Were we not remanding for a new trial, we agree, as the People concede, that defendant's conviction for assault in the second degree should be vacated as a lesser included offense. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.